**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC PREMIER BANCORP, INC., a Delaware corporation; PACIFIC PREMIER BANK, a California corporation, <br><br>       Plaintiffs - Appellants, <br><br>   v. <br><br> COLUMBIA CASUALTY COMPANY, an Illinois corporation, <br><br>       Defendant - Appellee, <br><br> and <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br>       Defendants. | No. 24-7833 <br><br> D.C. No. 8:22-cv-00842-PA-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted April 14, 2026
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Plaintiffs-Appellants Pacific Premier Bancorp, Inc. and Pacific Premier Bank (collectively, "PPB") seek insurance coverage from Defendant-Appellee Columbia Casualty Co. ("Columbia") for settlement and defense costs arising from litigation alleging that PPB prolonged a real estate Ponzi scheme (the "Underlying Litigation"). PPB and Columbia filed cross-motions for summary judgment. The district court granted summary judgment for Columbia, determining that Columbia's insurance policy (the "Policy") excludes coverage for costs from the Underlying Litigation. The district court denied PPB's summary judgment motion as moot. PPB appeals the district court's summary judgment order. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's decision to grant or deny summary judgment de novo. *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). Our "review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003), *cert. denied*, 540 U.S. 983 (2003) (citation omitted).

1. PPB argues that the district court erred by relying on the Policy's lending exclusions to determine that the Policy excluded settlement and defense costs from the Underlying Litigation. PPB contends that the Policy's lending exclusions are

unenforceable because they are ambiguous and fail California's "conspicuous, plain and clear" standard.

"While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Yahoo Inc. v. Nat'l Union Fire Ins.*, 519 P.3d 992, 997 (Cal. 2022) (quoting *Palmer v. Truck Ins. Exch.*, 988 P.2d 568, 572 (Cal. 1999)). "[T]he mutual intention of the parties at the time the contract is formed governs interpretation." *Id.* (quoting *Palmer*, 988 P.2d at 572). If a policy's "terms are ambiguous [i.e., susceptible of more than one reasonable interpretation], we interpret them to protect 'the objectively reasonable expectations of the insured.'" *Id.* (quoting *Boghos v. Certain Underwriters at Lloyd's of London*, 115 P.3d 68, 71 (Cal. 2005)). "But language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003) (quoting *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995)). In addition, exclusionary clauses must be "conspicuous, plain and clear." *Id.* at 1207, 1213 (citations omitted).

The Policy at issue contains three relevant lending exclusions: Exclusion 16, Endorsement 15, and Endorsement 6. In the body of the Policy, Exclusion 16 provides an exception to the Insuring Agreement, by stating that Columbia is not liable to pay loss in connection with a claim that is "based upon or arising out of

any actual or alleged purchase, sale, origination, participation, grant, commitment, restructuring, termination, transfer, repossession or foreclosure of any loan, lease, extension of credit (including overdraft protection), or the failure to do any of the foregoing." Endorsement 15 provides identical language to Exception 16 but adds a clause about a Paycheck Protection Program, which is not at issue in this appeal. Endorsement 6 expands coverage under the Policy by altering definitions in the Insuring Agreement. Endorsement 6 contains exclusions which apply "[s]olely with respect to the coverage provided by this endorsement." In other words, only when an alleged wrongful act falls under the expanded coverage provided by Endorsement 6 does the reader look to the exclusions in Endorsement 6. After review of the Policy, we find that these three lending exclusions are unambiguous, conspicuous, plain, and clear.

2. PPB contends that, even if enforceable, the Policy's lending exclusions do not bar coverage for PPB's alleged non-lending conduct. Specifically, PPB seeks coverage for loans that it authorized from investment pools to external parties. However, Exclusion 16 bars coverage for this conduct because it precludes coverage for loans and any loss "based upon or arising out of" that loan

participation.  Thus, the Policy excludes coverage for loss arising from the Underlying Litigation.

**AFFIRMED.**